**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **FATKHIDDIN MIRZONAZAR,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1712-PRW** |
| | ) | |
| **FIELD OFFICE DIRECTOR, Tulsa, ICE, et al.,** | ) | |
| | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Fatkhiddin Mirzonazar, a noncitizen[1] and Tajikistani national proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge Patrick R. Wyrick referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 4. The undersigned set an expedited briefing schedule, Doc. 6, and the Petition is at issue. For the reasons set forth below, the undersigned recommends that the Court grant the Petition, Doc. 1, in part and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days or otherwise to release him if there is no hearing within that time.

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I. Background

Petitioner, a citizen of Russia and Tajikistani national, entered the United States on or about March 26, 2023, near Brownsville, Texas. Pet. at 2; Doc. 10-1 at 1 (Notice to Appear). Petitioner was later released from ICE custody on parole, presumably under 8 U.S.C. § 1182(d)(5). *See* Doc. 10-1 at 1 (alleging Petitioner's parole status terminated or expired). Petitioner's parole then terminated or expired at an unspecified date. *Id.*; Resp. at 3. After he was paroled, Petitioner filed an application for asylum. Pet. at 2. On October 24, 2025, ICE placed Petitioner into removal proceedings through issuance of a Notice to Appear, alleging he was an immigrant not in possession of valid documents at the time of entry in violation of 8 U.S.C. § 1182(a)(7)(A)(i)(I). Doc. 10-1 at 1.

On November 20, 2025, ICE re-detained Petitioner after a traffic stop while working as a commercial truck driver. Pet. at 3; Doc. 10-2 at 2 (ICE Encounter Summary). Respondents contend Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(1). Resp. at 1. Petitioner does not allege he requested a bond hearing. Such a request, though, would likely be futile because all Immigration Judges ("IJs") are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025), which holds those noncitizens who entered the country without admission or parole are ineligible for a bond hearing.

On June 26, 2026, an IJ ordered Petitioner removed. *See* EOIR, Automated Case Information, *at* https://acis.eoir.justice.gov/en/ (last accessed Sept. 16, 2026). However, on July 24, 2026, Petitioner appealed the removal order to the Board of Immigration Appeals, and the appeal is currently pending. *Id.* Therefore, the removal order is not yet final under 8 C.F.R. § 1241.1.

When Petitioner filed his Petition, he was detained at Cimarron Correctional Facility in Cushing, Oklahoma. Pet. at 2. He remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited Sept. 16, 2026).[2]

## II. <u>**Petitioner's Claims**</u>

Petitioner asserts four counts in his Petition.

- **Count I: Violation of the Immigration and Nationality Act ("INA").** Petitioner alleges his continued detention under 8 U.S.C. § 1225 is unlawful and violates the INA because that provision does not apply to a noncitizen, like him, "who has been present in the interior for an extended period and later detained." Pet. at 6. Rather, he alleges he is properly detained under 8 U.S.C. § 1226(a), "which provides for individualized custody determinations and discretionary release on bond." Pet. at 7.

- **Count II: Violation of Due Process**. Petitioner alleges due process entitles him to "test the statutory basis for his detention." *Id*. at 8.

- **Count III: Violation of Court Order in *Sileiri Doe v. U.S. Department of Homeland Security*.** Petitioner alleges the court order in *Sileiri Doe* entitles him to relief because "the Court's ruling establishes that mass, unexplained terminations of CBP One parole were unlawful and must be undone," and "he falls within the class and is entitled to reinstatement of his prior parole status." Pet. at 8.

- **Count IV: Deprivation of Basic Human Rights**. Petitioner alleges "inhumane treatment by prison staff" when they "refused to allow [him] to use the bathroom during designated breaks" at his Immigration Court proceeding. *Id*. at 8-9.

---

[2] Petitioner has previously filed at least two other petitions in this District. *See Mirzonazar v. Field Office Director, et al.*, Case No. CIV-26-950-PRW and *Mirzonazar v. Field Office Director, et al.*, Case No. CIV-26-707-PRW. However, Case No. 26-707 was voluntarily dismissed, and Case No. 26-950 has not been fully briefed and remains pending.

Petitioner asks the Court to "issue a writ of habeas corpus directing Respondents to release [him] on bond or parole," or, alternatively, to "order Respondents to provide an immediate individualized bond hearing." Pet. at 9-10 (citation modified).

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Analysis

### A. Section 1226(a) applies to Petitioner's detention.

The two sections of the INA at issue are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Section 1225(b)(1) "governs procedures for the inspection of aliens arriving in the United States who have not been admitted or paroled." *M.S.P.C. v. U.S. Customs & Border Prot.*, 60 F. Supp. 3d 1156, 1161 (D.N.M. 2014) (citing 8 U.S.C. § 1225(b)(1)).

> Aliens who have not been admitted or paroled into the United States and who have not satisfactorily demonstrated to an immigration officer that the alien has been physically present in the United States continuously for the prior two years are subject to expedited removal without further hearing or review, unless the alien indicates an intention to apply for asylum or a fear of persecution, at which point the immigration officer shall refer the alien for an interview by an asylum officer.

*Id.* (citing 8 U.S.C. § 1225(b)(1)(A)(i)-(iii)). Section 1225(b)(1)(B)(ii) further requires that, if an asylum officer determines that a noncitizen has a credible fear of persecution, the noncitizen shall be detained for further consideration of the application for asylum.

Fundamentally, under § 1225(b)(1), a noncitizen who arrives at a port of entry and applies for admission is ordered removed "without further hearing or review" unless the noncitizen "indicates either an intention to apply for asylum" or expresses a fear of persecution. If Petitioner is subject to this "expedited removal" under § 1225(b)(1), he is not entitled by statute to a bond hearing. But noncitizens detained under § 1225(b)(1)(B)(ii) can be paroled under 8 U.S.C. § 1182(d)(5)(A). On the other hand, Section 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Petitioner alleges he is properly detained under 8 U.S.C. § 1226(a), "which provides for individualized custody determinations and discretionary release on bond" because he "has been present in the interior for an extended period and [was] later detained." Pet. at 6. Respondents maintain Petitioner is properly detained under § 1225(b)(1). Resp. at 5-9.

Petitioner was re-detained in the interior of the country in November 2025 and had been living in the United States for more than two years after he arrived at the border in March 2023 and was granted parole. The undersigned is not persuaded under these circumstances that Petitioner remains an "arriving alien." Under § 1225(b)(1), "someone arriving in the United States is someone who has reached the border or a port of entry."

*Rafibaev v. Noem*, No. 26-CV-00461, 2026 WL 607559, at *3 (D. Colo. Mar. 4, 2026) (citation modified). Thus, "upon his parole into the interior of the country, petitioner had arrived in the United States and was no longer a noncitizen *arriving* in the United States." *Id.* (emphasis added) (citation modified).

Judges in this District have concluded a noncitizen re-detained after revocation of § 1182(d)(5) parole is held pursuant to § 1226(a), and "because Respondents have not shown that § 1225(b) applies, the more general provisions of § 1226 govern Petitioner's detention." *Aitiev v. Gantt*, No. CIV-26-997-R, 2026 WL 2125893, at *2 (W.D. Okla. July 23, 2026) (citation omitted); *see also, e.g., Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026) (finding where a "Petitioner was paroled into the United States, permitted to reside in the interior of the country for several years, pursued his asylum application, and complied with the conditions of his release before being re-detained during a routine check-in with immigration authorities," his "detention is mo[st] naturally characterized as detention 'pending a decision on whether the alien is to be removed from the United States' within the meaning of § 1226(a)"); *Ochilov v. Grant*, No. CIV-26-526-R, 2026 WL 1896139, at *2 (W.D. Okla. July 1, 2026) (applying § 1226(a) to govern re-detention of petitioner previously designated as an arriving alien and released on parole); *Drozdov v. Lyons*, No. CIV-26-365-SLP, 2026 WL 1470929, at *2 (W.D. Okla. May 26, 2026) (same); *Kumar v. Johnson*, No. CIV-26-352-J, 2026 WL 937560, at *2 (W.D. Okla. Apr. 7, 2026) (same).

Respondents point to the Tenth Circuit's recent acknowledgement in *Santillan Quiroz* that "[s]ome noncitizens who are arrested in the interior may be subject to

§ 1225(b)(1)(A)," *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 n. 6 (10th Cir. 2026). Resp. at 10. *Santillan Quiroz*, though, did not involve or address § 1225(b)(1)(A) beyond a brief reference in the footnote. 180 F.4th at 1237 n. 6 ("There is no argument here that § 1225(b)(1)(A) applies to Santillan Quiroz."). And Judges in this District after *Santillan Quiroz* have continued to apply § 1226(a) to govern detention of noncitizens re-detained after revocation of § 1182(d)(5) parole. Therefore, consistent with prior decisions in this District, the undersigned recommends that the Court apply § 1226(a) to govern Petitioner's current detention.

**B. The proper remedy is a bond hearing.**

Petitioner requests an order "directing Respondents to release [him] on bond or parole," or, alternatively, for "Respondents to provide an immediate individualized bond hearing." Pet. at 9-10. The undersigned concludes a bond hearing is the proper remedy for a noncitizen detained under § 1226(a). *See Santillan Quiroz*, 180 F.4th at 1248, 1251 n.13 ("Because Santillan Quiroz can properly be subject to detention under § 1226(a), though, the district court shall order the Government to, within seven days of such order, either provide him with a bond hearing or else release him."); *see also Aitiev*, 2026 WL 2125893, at *2 (citing *Santillan Quiroz* and finding "that a bond hearing is the proper remedy" where "the more general provisions of § 1226 govern" rather than § 1225(b)(1)); *Karimov v. Cerna*, No. CIV-26-304-R, 2026 WL 950130, at *1 (W.D. Okla. Apr. 8, 2026) ("An individualized custody redetermination hearing would provide Petitioner with the process he is due under the statute."). Further, Judges in this District, including this Court, have declined to order burden shifting. *See, e.g., Sow v. Cerna*, No. CIV-26-1376-G, 2026

WL 2302462, at *2 (W.D. Okla. Aug. 10, 2026) (declining to address a petitioner's burden-shifting claim); *Guzman Morales v. Mullin*, No. CIV-26-587-SLP, 2026 WL 1962374, at *2 (W.D. Okla. July 7, 2026) (same).

Therefore, the Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ within seven days or otherwise release him if he does not have a lawful bond hearing within that period.[3]

**C. The Court should decline to address any remaining claims.**

Petitioner also alleges (1) due process entitles him to relief, (2) he is entitled to reinstatement of his prior parole status based on a district court's order in *Sileiri Doe*, and (3) he was subjected to inhumane treatment by prison staff. Pet. at 8-9. To the extent Petitioner argues his continued detention without a bond hearing otherwise violates his rights to due process, if the Court grants Petitioner a bond hearing under § 1226(a), the Court should decline to decide the merits of any remaining due process claim based on

[3] While Judges in this District, including the undersigned, have considered release for noncitizens whose earlier humanitarian parole under § 1182(d)(5) was improperly revoked, Petitioner here has not sufficiently raised a claim alleging the circumstances of his parole revocation and re-detention entitle him to release rather than a bond hearing. *Accord Ewere v. Cerna*, No. CIV-26-320-SLP, 2026 WL 1207088, at *2 (W.D. Okla. May 4, 2026) (ordering release where ICE improperly revoked petitioner's prior humanitarian parole). Further, Judges in this District have recently declined to find termination of parole under § 1182(d)(5)(A) entitles a noncitizen to release. *See, e.g., Aitiev*, 2026 WL 2125893, at *2 (finding a similarly situated petitioner "has a protected liberty interest in remaining out of custody" but declining to hold re-detention in violation of § 1182(d)(2) entitles him to additional relief); *accord Todyrenchuk v. Warden of Diamondback Corr. Facility*, No. CIV-26-1243-J, 2026 WL 2186977, at *2 n.2 (W.D. Okla. July 29, 2026) (finding in analogous circumstances that termination of humanitarian parole under § 1182(d)(5)(A) provides "no avenue for relief"). Accordingly, the undersigned does not address such a claim or recommend Petitioner's release on that basis.

continued detention. *See, e.g.*, *Madzhnunov v. Grant*, No. CIV-26-699-PRW, 2026 WL 2390750, at *1 (W.D. Okla. Aug. 17, 2026) ("The Court reserves a ruling on Petitioner's remaining claims pending resolution of the bond hearing."); *He v. Blanche*, No. CIV-26-1435-G, 2026 WL 2296120, at *2 (W.D. Okla. Aug. 10, 2026) (declining to decide a petitioner's additional due process claim when adopting the recommended relief of a bond hearing under § 1226(a)); *Singh v. Mullin*, No. CIV-26-601-SLP, 2026 WL 1661971, at *3 (W.D. Okla. June 9, 2026) (same).

Further, the Court should decline to address Petitioner's claims arising out of the court's order in *Sileiri Doe* because that decision has no impact on this Court's habeas decision. As Respondents point out, that decision ordered restoration of parole to plaintiffs who "were paroled into the United States between May 16, 2023 and January 19, 2025" and "had their parole terminated in April 2025 pursuant to an email." Resp. at 10 (citing *Doe v. U.S. Dep't of Homeland Sec.*, No. 25-CV-12245, 2026 WL 880442 (D. Mass. Mar. 31, 2026)). However, Petitioner has not alleged he was paroled during that period or that his parole was terminated pursuant to an email. *See generally* Pet. at 2-3.

Finally, the Court need not address Petitioner's claims related to his "inhumane treatment" by prison staff as they are outside the scope of this Court's habeas review. A petitioner who challenges "the fact or duration" of his confinement and seeks release from ICE custody must bring a § 2241 habeas petition, but a challenge to the conditions of his confinement must be brought through a civil rights action under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012). As such, Petitioner's allegations related to his access to

counsel and the courts are not properly raised in this Petition. *See, e.g.*, *Ndou v. Noem*, No. 26-CV-220, 2026 WL 686564, at *4 (D.N.M. Mar. 11, 2026) (finding an immigration habeas petitioner's "claims related to conditions of confinement are properly raised under a civil rights action, not a habeas corpus petition"); *Sanchez v. Warden*, No. CIV-26-318-SLP, 2026 WL 1623020, at *4 (W.D. Okla. Mar. 26, 2026) (R&R) (same), *adopted on other grounds*, 2026 WL 1347428, at *2 (W.D. Okla. May 14, 2026).

## V. Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **September 23, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's objections, such response must be filed not later than **September 28, 2026**. *See* Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 16th day of September, 2026.

Chris M. Stephens
______________________________
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE